IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| SAMMY LEE KIZZIE, JR., § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:05-CV-0068 |
| § | |
| DOUGLAS DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

### REPORT AND RECOMMENDATION TO DENY
### PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging a November 15, 2004 prison disciplinary proceeding and the resultant loss of 386 days previously earned good time credits. The disciplinary proceeding took place at the Dalhart Unit in Hartley County, Texas. As of the date the instant habeas application was filed, petitioner was incarcerated in the Allred Unit in Wichita County, Texas.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner advises he is in respondent's custody pursuant to three (3) convictions in 2001 for the felony offenses of robbery out of Dallas County, Texas, and the resulting 35-year

sentences. In his habeas application, petitioner acknowledges he is not eligible for mandatory supervised release. While petitioner appears to have lost good time, petitioner is <u>not</u> eligible for mandatory supervised release due to his conviction for robbery. *See* Tex. Gov't Code § 508.149(a)(11).

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner SAMMY LEE KIZZEE, JR. be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___30th___ day of March 2005.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is**

**filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).